IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TURONN LEWIS, # 28904-037         *
                                  *
Petitioner,                       *
                                  *     Civil Action No. WDQ-15-290
v                                 *
                                  *
                                  *
UNITED STATES                     *
                                  *
Respondent.                       *
                                 ***

## MEMORANDUM

On January 30, 2015, Turonn Lewis ("Lewis"), a federal inmate at the United States Penitentiary in Jonesville, Virginia, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Lewis is challenging his drug conspiracy and trafficking convictions from 1993, for which he was sentenced to life imprisonment. *United States v. Lewis*, Criminal Action No. WDQ-92-301 (D. M.D. 1993). The United States Court of Appeals for the Fourth Circuit affirmed the judgment of conviction April 21, 1995. On April 23, 1997, this Court denied his Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255.

Lewis claims his sentence was unlawfully enhanced based under 21 U.S.C. § 841(b)(1)(A). In support, he relies on *Burrage v. United States*, 134 S. Ct. 881, 892 (2014) (holding "a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless [the victim's] use [of drugs distributed by the defendant] is a but-for cause of the death or injury").

## DISCUSSION

As an initial matter, the Court observes Lewis has not paid the filing fee or filed a Motion to Proceed in Forma Pauperis. He will not be required to correct this deficiency, however, because the Petition provides no grounds for § 2241 relief.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Ordinarily, a petition for a writ of habeas corpus under 28 U.S.C § 2241 attacks the manner or execution of a sentence, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997), whereas a § 2255 motion is properly filed in the sentencing court and challenges the validity of a conviction or sentence. *See* 28 U.S.C. 2255 (a); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255.").

In the rare instance where a § 2255 motion is "inadequate or ineffective to test the legality of his detention," a federal prisoner challenging a federal conviction or sentence may seek relief pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255; *In re Vial*, 115 F.3d at 1194;[1] *see also United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (stating an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances") (citation and internal quotation marks omitted).

Section 2255 is inadequate and ineffective to test the legality of a conviction when: 1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

---

[1] This exception is known as the "savings clause." *See In re Jones*, 226 F3d at 333.

substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See In re Jones*, 226 F.3d at 333–34. The remedy provided under § 2255 is neither inadequate nor ineffective merely because the limitations period has expired or a petitioner is unable to satisfy the requirements for filing a second or successive § 2255 motion. *See In re Vial*, 115 F.3d at 1194 n. 5.

Lewis makes no showing that § 2255 is inadequate or ineffective to test the legality of his detention. Thus, this Court finds no justification to construe his submission as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See In re Jones*, 226 F.3d at 333.[2]

Further, the Court finds no cause to treat this filing as a Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255. Having already brought a § 2255 motion, any "second or successive" § 2255 motions filed by Lewis cannot be entertained without prior authorization from the court of appeals. 28 U.S.C. §§ 2244(b)(3), 2255(h).

## CONCLUSION

The Court declines to issue a Certificate of Appealability because Lewis has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court will dismiss the petition without prejudice and decline to issue a Certificate of Appealability in a separate Order which follows.

2/5/15
Date

William D. Quarles, Jr.
United States District Judge

---

[2] Contrary to Lewis' bald assertions, *Burrage* has not been held to apply retroactively on collateral review. *See Ragland v. U.S.*, 756 F. 3d 597 (8th Cir. 2014) (observing *Burrage* is silent on whether its holding applies retroactively on collateral review and remanding to the district court to consider whether *Burrage* applies retroactively); *see also Rutledge v. Cross*, No. 14–cv–539–DRH, 2014 WL 2535160, at *3 (S.D. Ill. June 5, 2014); *De La Cruz v. Quintana*, No. 14–cv–28–KKC, 2014 WL 1883707, at *6 (E.D.Ky. May 1, 2014).